IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV418 |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AGP CORN PROCESSING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to intervene filed by the State of Nebraska (Filing No. 6). The State of Nebraska filed a brief (Filing No. 7) in support of the motion. The State of Nebraska also filed an Intervenor Complaint (Filing No. 5). Neither the plaintiff nor the defendant filed a response to the motion.

## BACKGROUND

The defendant, AGP Corn Processing, Inc., (AGP) owns and operates a chemical processing plant for the production of ethanol in Hastings, Nebraska. AGP's manufacturing process results in emissions of significant quantities of regulated air pollutants. The United States, on behalf of the Environmental Protection Agency, filed a Complaint against AGP alleging violations of the Clean Air Act. **See** Filing No. 1. The United States and AGP have agreed on a settlement of the claims in the Complaint. **See** Filing No. 3. Nebraska is a signatory to document containing the settlement of the United States and AGP. **See** Filing No. 3, p. 33. The Intervenor Complaint alleges violations of federal and state statutes such as the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.* and the Nebraska Environmental Protection Act, Neb. Rev. Stat. § 81-1501 *et seq.* seeking injunctive relief and civil penalties. **See** Filing No. 5.

## ANALYSIS

As a threshold matter, an applicant for intervention must show it has Article III standing to intervene in a federal law suit. ***Curry v. Regents of Univ. of Minn.***, 167 F.3d 420, 422 (8th Cir. 1999) (**quoting *Standard Heating & Air Conditioning Co. v. City of Minneapolis***, 137 F.3d 567, 570 (8th Cir. 1998)). "Constitutional standing requires a showing of: (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability." ***Curry***, 167 F.3d at 422; **see also *Mausolf v. Babbitt***, 85 F.3d 1295, 1301-02 (8th Cir. 1996) (finding the movant "alleged concrete, imminent, and redressable injuries in fact" where it showed it would be injured if restrictions challenged in the action were removed). The court finds the movant demonstrates it has Article III standing to participate in this action by virtue of the claims alleged in the Intervenor Complaint and the settlement negotiated by the parties.

Under Rule 24(a), any timely applicant shall be permitted to intervene:

> (1) when a statute of the United States confers an unconstitutional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). The court notes "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." ***South Dakota v. U.S. Dep't of Interior***, 317 F.3d 783, 785 (8th Cir. 2003).

Here, Nebraska alleges that it has a right to intervene pursuant to 42 U.S.C. § 7604(a) as a citizen against any person who has violated an emission standard or limitation. Additionally, Nebraska alleges its interests in the settlement will be impaired if not allowed to intervene.

2

### 1.     Timeliness

"Whether a motion to intervene is timely is determined by considering all of the circumstances of the case." **United States v. Union Elec. Co.**, 64 F.3d 1152, 1158-59 (8th Cir. 1995).  Three important factors for the court to consider in determining timeliness include: (1) the reason for any delay in the proposed intervenor's seeking intervention; (2) at what the point in the litigation the proposed intervenor sought intervention, and (3) how much prejudice to other parties allowing the intervention would cause.  **Id.** at 1159.  Prejudice is determined by evaluating whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change.  **Id.**

In this case, the movant filed its motion to intervene before the United States filed the motion to enter a consent decree.  No other parties assert the motion was untimely Therefore, the court finds the motion to intervene was timely filed.

### 2.     Recognized Interest

Next, an applicant for intervention must show "a recognized interest in the subject matter of the litigation."  **South Dakota v. U.S. Dep't of Interior**, 317 F.3d at 785; **Union Elec. Co.**, 64 F.3d at 1161.  Such interest must be "'direct,' as opposed to tangential or collateral.  Furthermore, that interest must be 'recognized,' i.e., both 'substantial' and 'legally protectable.'"  **Union Elec. Co.**, 64 F.3d at 1161.  The court finds Nebraska has a direct, substantial, and legally protectable interest in the subject matter of the litigation.

### 3.     Interest Impaired by Disposition

The third showing an applicant for intervention must make is that the disposition of the case might impair its interest.  **South Dakota v. U.S. Dep't of Interior**, 317 F.3d at 785; **Union Elec. Co.**, 64 F.3d at 1161.  The United States Court of Appeals for the Eighth Circuit emphasizes that Rule 24(a) "does not require, after all, that [applicants for intervention] demonstrate to a certainty that their interests *will* be impaired in the ongoing action.  It requires only that they show that the disposition of the action '*may* as a practical matter' impair their

interests." **Union Elec. Co.**, 64 F.3d at 1162 (**quoting** *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.*, 738 F.2d 82, 84 (8th Cir. 1984)). "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (citations and internal quotation marks omitted). The court finds resolution of the subject matter of this case may, as a practical matter, impair the State of Nebraska's interests.

### 4. Existing Parties

Finally, the movant must show its "interest will not be adequately protected by the existing parties." **South Dakota v. U.S. Dep't of Interior**, 317 F.3d at 785; **United Elec. Co.**, 64 F.3d at 1168. The court must determine whether representation is adequate "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." **Sierra Club v. Robertson**, 960 F.2d 83, 86 (8th Cir. 1992) ("Doubts regarding the propriety of permitting intervention should be resolved in favor of allowing it, because this serves the judicial system's interest in resolving all related controversies in a single action."). "A party generally need only make a minimal showing that representation may be inadequate to be entitled to intervene on that basis, but the burden is greater if the named party is a government entity that represents interests common to the public." **Little Rock Sch. Dist. v. North Little Rock Sch. Dist.**, 378 F.3d 774, 780 (8th Cir. 2004) (internal citations and quotations omitted). To show inadequate representation, a movant "may show that its interests are distinct and cannot be subsumed within the public interest represented by the government entity." *Id.*

The court finds the movant does identify interests distinct from those represented by the federal plaintiff. Accordingly, the movant may intervene as a matter of right because the movant has Article III standing to participate in this litigation, and has satisfied Rule 24(a). Upon consideration,

**IT IS ORDERED:**

1. The motion to intervene filed by the State of Nebraska (Filing No. 6) is granted.

2.      The Clerk of Court shall mail a copy of this order to defendant's counsel of record:

>Tom Grever
>Lathrop & Gage
>2345 Grand Boulevard, Suite 2800
>Kansas City, MO 64108-2684

DATED this 4th day of November, 2005.

>BY THE COURT:
>
> s/Thomas D. Thalken
>United States Magistrate Judge